Ruffin, C. J.
 

 There is no doubt of the rule of law, that a
 
 capias ad satisfaciendum
 
 executed is a satisfaction of the debt by force and act of law, unless in a few excepted cases.
 
 Foster v Jackon,
 
 Hob. 25. If the debtor escape, or die in. prison, or be discharged by act of law, as by an insolvent act, the debt is not discharged ; but an action may be brought.on the judgment or process of execution issue thereon. So while the debtor’s body is in execution, the creditor may doubtless proceed against other persons liable for the same debt or the same judgment or otherwise. But if the debtor obtain his liberty by the act or consent of the creditor* the debt is satisfied in law, and the creditor can no longer proceed against that person or any other for the same debt.
 
 Bryan
 
 v
 
 Simonton, 1
 
 Hawks 51.
 

 It might, however, be questioned, whether that is a species of satisfaction, which equity would enforce; not being an actual satisfaction by judgment, but one
 
 stricti juris
 
 and therefore to be inforced at law. Btill less would equity be inclined to grant relief upon this ground against the express agreement of the party himself, who was discharged, and where no injury has accrued to other persons bound for the money, but rather the contrary, in this case, as all the sureties got the benefit of the bonds for $6000, and also the credit in the administration account for Hall’s judgment, which now belongs to the defendants Joyner and Ferrell or to a trustee for them. Therefore, admitting Hall to have adopted the
 
 ca. sa.
 
 by not having it set aside, and admitting Joyner to have made an agreement for the discharge of Hawkins in the manner' represented in the bill, and that Hall assented thereto through Joyner or his own attorney, we should hesitate to take cognizance of the case here and whether it
 
 *285
 
 would not be our duty to'leave the parties, who claim the vantage of the rule of law, to get it at law if they could.
 

 ■ But the Court is of opinion, that this is not a case, in which the rule of law applies; for the discharge out of custody was by act of the debtor himself, by permission of the law, and not by act of the creditor. The bill is not filed upon any rights of the sureties to be relieved on the score of dealings between the creditor and the principal debtor, to the prejudice of the sureties. But the bill is founded exclusively upon the position, that inlaw Hawkins’discharge satisfied the judgment as to himself; consequently, as to the sureties also. Now, we think Hawkins is not discharged of the debt by what was done here. The act, Rev. Stat. c. 58, s. 8,.says that upon the debtor, taken upon a
 
 ca. sa.
 
 tendering to the Sheriff a bond as prescribed in the act, it shall be the duty of the Sheriff to release him from custody. The discharge, then, from actual custody or imprisonment in fact, is the act of the law, or of the debtor himself under authority of law — consequently the creditor is still at liberty to pursue his remedy for his debt against any other person. It is true, the debtor, to obtain his liberation, is required to enter into bond with sureties, somewhat in the nature of bail, for his appearance at Court and abiding by the judgment of the Court. But there is nothing in the act which compels the creditor to pursue his remedy upon the bond taken by the Sheriff. If the debtor should not appear or comply in other respects with the law," the plaintiff may, on motion, have judgment on the bond. But that must be only cumulative, for as the creditor has done nothing to destroy the security of his original judgment, (which indeed may be against others) he is certainly at liberty to waive a judgment on the bond and keep that he first had, or perhaps insist on both. That being so, we cannot conceive why, if the debtor should appear, the Creditor should be obliged to pray him into custody again as in execution. It seems to us very much like the case of principal and bail. The latter may surrender the former after judgment against him as well as before, either to the Sheriff in vacation or to the Court. If the surrender
 
 *286
 
 be to the Sheriff, he must necessarily accept the principal in discharge of the bail, and consequently he must detain him, as he has no authority from the creditor or the law todischarge him. But if the surrender be made to the Court in term time, then notice to the plaintiff is required, that he may pray the debtor into custody, and, without such prayer, the court does not commit the debtoras in execution. Consequently he goes at large. But he does not go at large as having satisfied the debt by the release of his body by the creditor. For although the creditor declined having him placed under actual imprisonment, he is at liberty afterwards to take his property or his body in execution. The provisions of this act are much the same. It gives authority to the sureties to surrender the principal either to the Sheriff or in open Court. Upon his surrender to the Sheriff, either by himself or his sureties, no doubt he must lake him and keep him as upon the execution still in his hands. But upon his appearance or surrender in Court, as in the case of bai!( we see no reason for compellin g the creditor again to take him into custody, as between themselves. It may? be that the debtor’s bail in the original action is discharged by the debtor’s body having once been in execution or by his appearance in Court in discharge ot his sureties, both the last and first. But that is a different question from one, whether the judgment against the debtor himself is satisfied or extinguished merely by the creditor’s declining to have him replaced into actual custody. There seems to be nothing in the reason of the thing why it should be so. For the idea at the common law is, that the creditor consents to an enlargement from actual imprisonment. Hence on the surrender in Court by bail after judgment, the custody being only that of the law and ideal, and not actual under the dominion of the officer of the law, the creditor allowing the debtor to go off, without taking him, is no discharge of the debt. So, it seems, it must be under this act. It is true, the act says, that if the debtor shall fail to answer on oath or to shew that he has given notice, he “shall be deemed in custody of the Sheriff.” But that does not mean that he is so without
 
 *287
 
 notice to the Sheriff, act of the creditor, or order of the Court. It is clear the Sheriff is not to take notice of the debtor’s being in Court and having failed in the performance of the matters required of him. The Court is to judge of that, and thereupon make an order. Therefore the sentence goes on, after the words “shall be deemed in custody of the Sheriff,” to add “and the Court shall adjudge that he be imprisoned.” But that is not an
 
 ex officio
 
 duty of the Court, for such acts are never enjoined in Courts, since in controversies
 
 inter parties,
 
 Courts do not proceed but upon the motion of one of the parties. Therefore, in such a case, although the debtor may not have given the notice for ten days, as required to enable him to take the oath ofinsolvency, the Court should yet require the debtor or his sureties to give the creditor notice of the fact of surrender or appearance, to enable the creditor to move for a commitment under the act. Then as the creditor may move for the debtor’s imprisonment, so it follows, that he is at liberty not to do so. By not doing so, he does the debtor no harm. He does not release him from imprisonment; but he only declines subjecting him to it. Indeed he could, not by his own act merely, place the debtor into custody, but could only procure an order lor it. It might be refused by the Court, perhaps; though that is not probable. But if the Court did older it, it wouldjbe a new imprisonment on that order, as in execution, and not under the execution on which the arrest was originally made. For, perhaps, that may have been returned, or may have been served by the Sheriff of a different county. Our opinion, therefore, is, that the judgmeut obtained by Mr. Hall is still in force.
 

 It was, however, said for the appellants, that at all eventsthe injunction should have been continued as to the aliquot parts oí Joyner and Ferrell, as two of the sureties, in as .much as they are now the owners of the judgment, in the view of this Court, according to their answers; and so we were inclined at first to think. For such would be the rule as between the sureties themselves; since although some of them, who are plaintiffss, are said to be failing, yet the sure
 
 *288
 
 ties, who are defendants, have a right now to, consider them they being in fact made so, as to these parties and as to this suit, by all of them joining in this suit and in the bond with sureties given for the injunction. Still Joyner and Ferrell, as two of the sureties, ought to pay their several shares, taking all the sureties to be solvent, and the principal insolvent, and, therefore, it struck us, that as to two ninth parts, the injunction should have been continued; for although Mr. Hall does not admit in his answer, that he had assigned the judgment to a trustee for his co-defendants, and it was not absolutely necessary that he should have said any thing of it, in as much as it is not stated in the bill, and indeed could not be, for it occurred since the bill was filed; yet the fact can hardly be doubted and might have been brought out from Mr. Hall himself by a supplemental charge; and in such case we would not be disposed to allow the money to be raised out of some of the sureties and their sureties for the benefit of Joyner and Ferrell, which they ought to pay themselves.
 

 But in thus regarding the subject, we overlooked the important fact, that the sureties who are plaintiffs, have joined themselves in this case with Hawkins and his wife, who are the principal debtors, and are therefore bound to pay the whole debt to Hall or his assignee, without any contribution from Joyner and Ferrell. The injunction was properly dissolved
 
 in tolo
 
 as to them as principals; and upon that dissolution, the other sureties, and the sureties for the injunction would all be alike liable on the injunction bond. In other words, all the original sureties and the new sureties to the injunction bond have by that intrument undertaken to answer for Hawkins and wife as well as for themselves, in this suit, and thereby to guarantee that they are solvent for the purposes of paying the judgment at law, if the injunction should'be dissolved. Therefore, the whole decree was proper and should be affirmed with costs.
 

 Her Curiam, Ordered to be certified accordingly-